UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x
:
In re:                                                           :
                                                                 :      Case No. 22-22186-SHL
BLUELINE TACTICAL & POLICE SUPPLY LLC,       :
                                                                 :      Chapter 11
                    Debtor.                               :
-----------------------------------------------------------------------x

## UNITED STATES TRUSTEE'S (I) MOTION FOR THE APPOINTMENT OF A PRIVACY OMBUDSMAN PURSUANT TO 11 U.S.C. §§ 332 AND 363(b)(1), AND (II) LIMITED OBJECTION TO DEBTOR'S MOTION FOR AN ORDER (A) AUTHORIZING AND APPROVING THE SALE OF ALL OR SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS; (B) APPROVING THE CONTRACT OF SALE; (C) AUTHORIZING THE DISTRIBUTION OF CERTAIN OF THE SALE PROCEEDS; (D) APPROVING CERTAIN OF THE FEES AND EXPENSES OF THE SALE; AND (E) FOR SUCH OTHER AND FURTHER RELIEF

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), hereby files this *(I) Motion for the Appointment of a Privacy Ombudsman Pursuant to 11 U.S.C. §§ 332 and 363(b)(1), and (II) Limited Objection to the Debtor's Motion for an Order (A) Authorizing and Approving the Sale of All or Substantially All of the Debtor's Assets; (B) Approving the Contract of Sale In Connection Therewith; (C) Authorizing Certain of the Fees and Expenses of the Sale Proceeds; (D) Approving Certain of the Fees and Expenses of the Sale; and (E) For Such Other and Further Relief* in the above referenced Chapter 11 case of Blueline Tactical and Police Supply LLC (the "Debtor"). In support of the relief requested herein, the United States Trustee respectfully states:

### Relevant Background

1.      On April 13, 2022, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2.    The Debtor has remained as debtor-in-possession and maintains control of its assets and business pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.    No trustee, examiner or statutory committee of creditors has been appointed in this Chapter 11 case.

4.    On April 10, 2023, the Debtor filed its *Motion for an Order (A) Authorizing and Approving the Sale of All or Substantially All of the Debtor's Assets; (B) Approving the Contract of Sale In Connection Therewith; (C) Authorizing Certain of the Fees and Expenses of the Sale Proceeds; (D) Approving Certain of the Fees and Expenses of the Sale; and (E) For Such Other and Further Relief* (the "Sale Motion") [ECF No. 73], seeking, *inter alia*, the Court's approval, pursuant to section 363(b) and (f) of the Bankruptcy Code, of: (i) a sale (the "Sale") of substantially all of the Debtor's assets, free and clear of all claims, liens and encumbrances to Aegis Capital Advisors LLC (or an entity controlled by or to be formed by Aegis, the "Purchaser") for $25,000, plus up to $10,000 in fees for Debtor's counsel; (ii) of the Asset Purchase Agreement (annexed to the Sale Motion as Exhibit A, the "APA"), and the terms therein; and (iii) and authorization of certain fees and expenses of the Sale and the distribution of Sale proceeds.

5.    On May 1, 2023, in connection with the Sale Motion, the Debtor filed the (i) *Declaration of Benjamin Rosenshine in Support of Motion to Sell the Debtor's Property Free and Clear of All Liens, Claims and Encumbrances* [ECF No. 82] (the "Rosenshine Declaration"); (ii) *Declaration of George Kollitides in Support of Motion to Sell the Debtor's Property Free and Clear of All Liens, Claims and Encumbrances* [ECF No. 83] (the "Kollitides Declaration"); and (iii) *Letter and form of Transition Services Agreement* [ECF No. 84].

2

## Discussion

### *This Court should appoint a consumer privacy ombudsman*

Section 363 of the Bankruptcy Code governs the use, sale or lease of the Debtor's

property, and as relevant here, subsection (b)(1) states:

> The trustee, after notice and a hearing, may use, sell, or lease, other than in the
> ordinary course of business, property of the estate, except that if the debtor in
> connection with offering a product or a service discloses to an individual a policy
> prohibiting the transfer of personally identifiable information about individuals to
> persons that are not affiliated with the debtor and if such policy is in effect on the
> date of the commencement of the case, then the trustee may not sell or lease
> personally identifiable information to any person unless –
>
> (A)    such sale or lease is consistent with such policy; or
>
> (B)    after appointment of a consumer privacy ombudsman in accordance with
> section 332, and after notice and a hearing, the court approves such sale or such
> lease –
>
>> (i)    giving due consideration to the facts, circumstances, and
>> conditions of such sale or such lease; and
>>
>> (ii)    finding that no showing was made that such sale or such lease
>> would violate applicable nonbankruptcy law.

11 U.S.C. § 363(b)(1).  In turn, section 332 of the Bankruptcy Code provides that where a

hearing is required under section 363(b)(1)(B), "the court shall order the United States trustee to

appoint, not later than 7 days before the commencement of the hearing, 1 disinterested person

(other than the United States trustee) to serve as the consumer privacy ombudsman in the case

and shall require that notice of such hearing be timely given to such ombudsman."  11 U.S.C. §

332(a).  Stated another way, "[u]nder section 363(b)(1)(B), the trustee may sell or lease the

debtor's personally identifiable information owned by the debtor if the sale or lease complies

with the debtor's privacy policy that was in effect as of the commencement of the case. If the

sale or lease does not comply with that policy, the trustee may sell the personally identifiable

information only if the court approves the sale after appointment of a consumer privacy ombudsman under section 332 and after making certain other findings relating to the circumstances of the sale and privacy law restrictions." 3 *Collier on Bankruptcy* ¶ 332.02 (16th ed. 2023).

Here, the Sale should not be approved unless and until the Court appoints a consumer privacy ombudsman.  Although the Sale Motion does not address the issue of consumer privacy, the Rosenshine Declaration makes clear that the Sale *does* include the transfer to the Buyer of customer lists, which includes Personally Identifiable Information ("PII"), within the definition of the Bankruptcy Code,[1] of the Debtor's customers with respect to such customers' names, addresses and phone numbers.  *See* Rosenshine Decl. ¶ 11.  The Rosenshine Declaration also indicates that "forms ATF-4473 will be kept by Debtor and myself or turned over to the ATF as required by Federal law."  *Id.*  However, neither the Sale Motion nor the Rosenshine Declaration explain what the ATF Form 4473 is, what PII such a form contains (including any medical or mental health information as to the applicant[2]), nor whether the retention of such forms by the

---

[1] "Personally Identifiable Information" is defined in the Bankruptcy Code as:

    (A) If provided by an individual to the debtor in connection with obtaining a product or a service from the debtor primarily for personal, family, or household purposes—

        (i)  the first name (or initial) and last name of such individual, whether given at birth or time of adoption, or resulting from a lawful change of name;

        (ii)  the geographical address of a physical place of residence of such individual;
        . . .

        (iv) a telephone number dedicated to contacting such individual at such physical place of residence
        . . .

    (B) if identified in connection with 1 or more of the items of information specified in subparagraph (A)—
        . . .

        (ii)  any other information concerning an identified individual that, if disclosed, will result in contacting or identifying such individual physically or electronically.

11 U.S.C. § 101(41A).

[2] ATF Form 4473 – Firearm Transaction Record is "[u]sed by federal firearms licensees (FFLs) to determine if they may lawfully sell or deliver a firearm to the person identified in Section B, and to alert the transferee/buyer of certain restrictions on the receipt and possession of firearms."  Available at: https://www.atf.gov/firearms/docs/4473-part-1-firearms-transaction-record-over-counter-atf-form-53009/download

Debtor or Mr. Rosenshine personally complies with Federal law.[3]  While Mr. Rosenshine states

that "I have informally advised the Bureau of Alcohol, Tobacco and Firearms ("ATF") and have

been advised that the sale transaction as contemplated will not violate any laws" (*id.* ¶ 14), no

detail has been provided as to the substance of such informal advice, who Mr. Rosenshine might

have corresponded with at the ATF, and what the applicable laws are at issue.

In sum, the Sale Motion and the Rosenshine Declaration provide little clarity as to what

PII and consumer privacy concerns may be triggered in connection with the proposed Sale, and

even less certainty that the proposed Sale would not violate applicable nonbankruptcy laws.  The

appointment of a consumer privacy ombudsman would provide better clarity on these issues and

be well-suited to give an appropriate recommendation.

The Debtor may contend that the appointment of a privacy ombudsman is not required

because the Debtor currently has no privacy policy with respect to the transfer of PII and is not

required to have a privacy policy.  *See* Rosenshine Decl. ¶ 12.  Such argument has no support in

the caselaw.  While there seems to a dearth of precedent on this issue, if such an interpretation

were adopted, then businesses would be encouraged to not have any privacy policies at all with

respect to consumer PII, so as to avoid judicial scrutiny.  But even assuming that the lack of a

privacy policy means the Sale of the Debtor's customer lists and customer PII is not prohibited,

this Court still has broad discretion "to order the appointment of officers or professionals at the

expense of the estate when the court feels that it could benefit from the additional information or

assistance that a neutral third party might provide."  *In re Celsius Network LLC*, No. 22-10964

(MG), 2022 WL 14193879, at *7 (Bankr. S.D.N.Y. Oct. 24, 2022) (quoting 3 *Collier on*

---

[3]  A licensee may be required to retain completed ATF Form 4473 for not less than 20 years.  *See*
https://www.atf.gov/firearms/qa/how-long-are-licensees-required-maintain-atf-forms-
4473#:~:text=Licensees%20shall%20retain%20each%20ATF,date%20of%20sale%20or%20disposition.

*Bankruptcy* ¶ 332.02).  The Debtor's lack of any policy with respect to safeguarding, disclosing and/or transferring customer PII and the highly regulated firearms industry are precisely why the Court could benefit from the appointment of a consumer privacy ombudsman to review and evaluate these issues with respect to the proposed Sale.

<u>Other Limited Objections to the Sale</u>

In addition to the need for the appointment of a consumer privacy ombudsman pursuant to sections 332(a) and 363(b)(2) of the Bankruptcy Code prior to any approval of the Sale, the United States Trustee has concerns and questions with respect to (i) various terms within the Asset Purchase Agreement, which the Debtor seeks this Court's approval of, (ii) the sufficiency of notice and due process as to the Sale Motion, (iii) the approval and disbursement of the Sale proceeds, and (iv) the lack of clarity concerning the treatment of any consumer gift cards and store credits.  However, the United States Trustee has been engaged in good faith discussions with the Debtor's bankruptcy counsel concerning these issues and believes that such matters can be resolved consensually or through appropriate language in the order approving the Sale.  As such, the United States Trustee expressly reserves all rights to raise and address these issues more fully before the Court at the hearing on the Sale Motion.

**WHEREFORE**, the United States Trustee respectfully requests that this Court order the

appointment by the United States Trustee of a privacy ombudsman in connection with the

proposed Sale, deny the Sale Motion as currently proposed, and grant such further relief as may

be equitable and just.

Dated: May 2, 2023
      New York, New York

                                     Respectfully submitted,

                                     WILLIAM K. HARRINGTON
                                     UNITED STATES TRUSTEE, Region 2

By:      */s/ Annie Wells*
                                     Annie Wells
                                     Trial Attorney
                                     Office of the United States Trustee – NY Office
                                     Alexander Hamilton Custom House
                                     One Bowling Green
                                     New York, New York 10004
                                     Tel. (212) 510-0500