BRONSON LAW OFFICES PC
*Counsel for the Debtor and Debtor in Posession*
480 Mamaroneck Avenue
Harrison, NY 10528
914-269-2530
H. Bruce Bronson, Esq.
hbbronson@bronsonlaw.net

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

In re:

BLUELINE TACTICAL AND POLICE
SUPPLY, LLC

                      Debtor.

-----------------------------------------------------------x

Case No. 22-22186 (SHL)

Chapter 11

### RESPONSE TO OPPOSITION TO MOTION FOR ENTRY OF AN ORDER (1) IMPOSING SANCTIONS AGAINST FRANK NACCARI AND HIS ATTORNEY JOINTLY AND SEVERALLY FOR VIOLATIONS OF THE AUTOMATIC STAY (2) ORDERING THAT THE ACTION FILED IN WESTCHESTER COUNTY BE DISCONTINUED AND (3) FOR SUCH OTHER RELIEF AS THE COURT MAY IN ITS DISCRETION DETERMINE

      Blueline Tactical and Police Supply, LLC (the "Debtor"), by its counsel, Bronson Law Offices, P.C., filed a motion ("Motion")[1] [ECF Dkt No. 71] seeking the entry of an order (1) imposing sanctions of actual damages, punitive damages and attorney's fees against Frank Naccari (the "Plaintiff") and his attorney jointly and severally for violations of the automatic stay pursuant to 11 U.S.C. §§ 362 and 350(b), (2) directing Plaintiff to immediately discontinue the lawsuit filed in of New York Supreme Court of Westchester County ("Supreme Court") on March 7, 2023, and(3) for such other relief as the Court may in its discretion determine. Plaintiff

---

[1] The Motion including its definitions and exhibits are incorporated herein by reference.

filed opposition ("Opposition") [ECF Dkt No. 79]. The Debtor respectfully responds to the Opposition as follows:

1. The Opposition predominantly refers to an EEOC filing which the Debtor has not referenced nor seeks any relief with respect to this case at this time.

2. The Opposition argues that the Supreme Court lawsuit should proceed against the Debtor's principal Benjamin Rosenshine. However, Mr. Rosenshine was not named as a defendant as is clear from the Complaint. *See* Exhibit A to the Motion.

3. The Opposition concedes that the filing against the Debtor is void. *See* page 6 of the Opposition stating the action is void. As such, if the Plaintiff has a claim against Mr. Rosenshine, Plaintiff must file an action against him.

4. The "Cross Motion" to lift the stay in the Opposition is not in compliance with the Local Bankruptcy Rule 4001-1 which requires thirty (30) days' notice for a motion of relief from the automatic stay under section 362 of the Bankruptcy Code.

5. However, if as the Opposition states Plaintiff is seeking action against Mr. Rosenshine relief from stay is unnecessary.[2]

6. It appears the Plaintiff did not file a lawsuit against Mr. Rosenshine because the Debtor is the "real party defendant". *See e.g. Coscarelli v. Esquared Hosp. LLC*, No. 18-CV-5943 (JMF), 2021 U.S. Dist. LEXIS 16468, at 10-11 (S.D.N.Y. Jan. 28, 2021). Therefore, the stay should not be lifted.

7. In this District it is clear that Plaintiff had a duty to withdraw the Supreme Court case and not doing so constituted a willful violation in these circumstances. *In re Dogar-Marinesco*, Case No. 09-35544, 2016 Bankr. LEXIS 4111, at *21 (Bankr.

---

[2] However, in the event of a lawsuit against Mr. Rosenshine the Debtor reserves the right to bring a motion to extend the stay to Mr. Rosenshine if it determines such motion is necessary and appropriate.

S.D.N.Y. Dec. 1, 2016); *Hamm v. R.H. Macy & Co.*, No. 93 Civ. 1446 (LAP), 1994 U.S. Dist. LEXIS 13034, 1994 WL 507717, at 2 n.1 (S.D.N.Y. Sept. 13, 1994) *see also In re Uchitel*, No. 20-11585 (JLG), 2022 Bankr. LEXIS 2167, at 28 (Bankr. S.D.N.Y. Aug. 4, 2022).

8. Plaintiff's continued refusal to withdraw or dismiss this Complaint has necessitated the Debtor incurring additional cost associated with filing the Motion and this Response. Therefore, the Plaintiff's willful stay violation caused damages to the Debtor and sanctions are warranted.

**WHEREFORE**, for the reasons set forth herein, the Debtor respectfully requests that the Court grant the relief requested in the Motion and such relief as the Court may in its discretion determine.

                                           Respectfully Submitted,

                                           BRONSON LAW OFFICES, PC

Dated:  May 3, 2023　　　　　　　/s/ *H. Bruce Bronson*
        Harrison, NY　　　　　　　　H. Bruce Bronson, Esq.
                                           *Counsel for the Debtor*